FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

JAN 2 0 2016

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:16CR*08* |
| | § | Judge *m Hs / KNm* |
| CORY CARNELL MITCHELL, (1) | § | |
|   a/k/a "Cory Moe"; | § | |
| GARY CUTRIGHT, (2) | § | |
|   a/k/a "GKut"; | § | |
| QUANNELL NEWTON (3) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One
Violation: 18 U.S.C. § 1201(c)
(Conspiracy to Commit Kidnapping)

Beginning on or about December 6, 2015 and continuing until on or about December 7, 2015, in the Eastern District of Texas and elsewhere, the defendants, **Cory Carnell Mitchell**, a/k/a "Cory Moe," **Gary Cutright**, a/k/a "GKut," and **Quannell Newton**, did conspire together with each other and with others known and unknown to the Grand Jury to unlawfully seize, confine, kidnap, abduct and carry away the victim, T.S., and hold him for some ransom, reward, purpose, or otherwise, and the defendants did use instrumentalities of interstate and foreign commerce, to wit: (1) a firearm, (2) motor vehicles, (3) cellular telephones, and (4) did willfully transport the victim from the State of Louisiana to the State of Texas, in committing and in furtherance of the commission of this offense.

## MANNER AND MEANS

The object of the conspiracy was to willfully and unlawfully seize, confine, kidnap, abduct and carry away the victim, T.S., and hold him for ransom, reward, purpose, benefit, or otherwise, and transport him in interstate commerce from the State of Louisiana to his residence in Carthage, Texas.  It was part of the conspiracy for **Cory Carnell Mitchell** to direct Gary Cutright and Quannell Newton to carry out the kidnaping.

## OVERT ACTS

During the conspiracy and to effect the object of the conspiracy, the defendants, together and aiding and abetting each other, committed the following overt acts:

(1)     **Gary Cutright** and **Quannell Newton,** acting at the direction of **Cory Carnell Mitchell**, traveled to the Logansport Truck Stop located in Logansport, Louisiana to meet with T.S.;

(2)     **Cutright** purchased duct tape at the Logansport Truck Stop which was later used to bind T.S.'s feet;

(3)     The defendant's possessed firearms;

(4)     The defendant's instructed the victim travel to an abandoned house in the vicinity of Logansport, Louisiana;

(5)     Once at the abandoned house, **Cutright** pulled a firearm from his pants and pointed it at T.S.;

Indictment – Page 2

(6)     T.S. then ran from **Cutright** and was shot by **Cutright** in the leg with the firearm.

(7)     The defendants then bound T.S.'s feet with duct tape and wrapped his hands with a cellular telephone charger cord.  The defendants took approximately $5,700 in U.S. currency from T.S.;

(8)     The defendants asked the T.S. questions about a safe and where more of his money was located.  T.S. told the defendants that he had a safe at his residence in Carthage, Texas.

(9)     The defendants then placed the T.S. in the backseat of T.S.'s Chrysler 300 automobile.

(10)    **Cutright** then drove T.S.'s Chrysler 300 with T.S. in the backseat from the State of Louisiana to the State of Texas against T.S.'s will;

(11)    Once in Carthage, Texas, T.S. escaped from the vehicle and was shot in the head with a firearm by **Cutright** as T.S. tried to flee;

All in violation of 18 U.S.C. §§ 1201(a) & (c).

### Count Two

18 U.S.C. § 1201(a)(1)
Kidnapping

Beginning on or about December 6, 2015 and continuing until on or about December 7, 2015, in the Eastern District of Texas and elsewhere, the defendants, **Cory Carnell Mitchell**, a/k/a "Cory Moe," **Gary Cutright**, a/k/a "GKut," and **Quannell Newton**, aiding and abetting one another, did willfully and unlawfully seize, confine,

kidnap, abduct and carry away the victim, T.S., and hold him for some ransom, reward, purpose, or otherwise, and the defendants did use instrumentalities of interstate and foreign commerce, to wit: (1) a firearm, (2) motor vehicles, (3) cellular telephones, and (4) did willfully transport the victim from the State of Louisiana to the State of Texas, in committing and in furtherance of the commission of this offense.

In violation of 18 U.S.C. §§ 1201(a)(1) and 2.

## Count Three

18 U.S.C. § 924(c)(1)(A)(iii) and 2
Possession of a Firearm in Furtherance
of a Crime of Violence

Beginning on or about December 6, 2015 and continuing until on or about December 7, 2015, in the Eastern District of Texas, and elsewhere, the defendants, **Cory Carnell Mitchell**, a/k/a "Cory Moe," **Gary Cutright**, a/k/a "GKut," and **Quannell Newton**, aiding and abetting each other, did knowingly possess and discharge a firearm in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, namely for a violation of 18 U.S.C. § 1201(c), Conspiracy to Commit Kidnapping.

All in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____
PAUL A. HABLE
Assistant United States Attorney

1/20/2016
_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:16CR___ |
| | § | Judge |
| CORY CARNELL MITCHELL, (1) | § | |
|   a/k/a "Cory Moe"; | § | |
| GARY CUTRIGHT, (2) | § | |
|   a/k/a "GKut"; | § | |
| QUANNELL NEWTON (3) | § | |

## NOTICE OF PENALTY

### Count One

**Violation:**   18 U.S.C. §§ 1201(a)(1) & (c)

**Penalty:**   Imprisonment of any term of years or for life, a fine not to exceed $250,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both; and supervised release of not more than five (5) years.

Special Assessment: $100.00

### Count Two

**Violation:**   18 U.S.C. §§ 1201(a)(1) and 2

**Penalty:**   Imprisonment of any term of years or for life, a fine not to exceed $250,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both; and supervised release of not more than five (5) years.

Special Assessment: $100.00

## Count Three

**Violation:**   18 U.S.C. § 924(c)(1)(A)(iii) and 2

**Penalty:**   Imprisonment of not less than 5 years, unless the firearm is brandished, in which case the minimum is 7 years, or unless the firearm is discharged, in which case the minimum sentence is 10 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both; and supervised release of not more than five (5) years.

    In the case of a second or subsequent conviction, imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000 (or twice any pecuniary gain to the defendant or loss to any victim), or both; and supervised release of not more than five (5) years.

Special Assessment: $100.00